UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BEASLEY,            )<br>                             )<br>        Plaintiff,          )<br>                             )<br>   v.                        )<br>                             )<br>DEPARTMENT OF CHILD SUPPORT  )<br>ENFORCEMENT *et al*.,        )<br>                             )<br>                             )<br>        Defendants.          ) | Civil Action No.   24-03049 (UNA) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Michael Beasley, a resident of Washington, D.C., has moved to proceed *in forma pauperis* in his suit against the Defendants D.C. Department of Child Support Enforcement and D.C. Department of Motor Vehicles. Compl. at 2, 3. He alleges that Defendants "conspired" to suspend his driver's license and "forced" him "into contempt of court," resulting in his serving 10 days in jail. *Id*. at 4. He seeks damages exceeding $1 million. *See id*.

Plaintiff meets the criteria to proceed *in forma pauperis* and so the Court grants his motion. But, for the following reasons, it dismisses the case for lack of subject-matter jurisdiction. The Court technically could dismiss Plaintiff's Complaint because "bodies within the District of Columbia government – such as the Department of Motor Vehicles – are not suable as separate entities." *Sobin v. District of Columbia*, 480 F. Supp. 3d 210 (D.D.C. 2020). But to avoid a futile amendment the Court *sua sponte* substitutes in the District of Columbia itself—which can be sued—as the Defendant.

This substitution does not get Plaintiff far, however, because the Court *sua sponte* dismisses the case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Federal jurisdiction is available only if a complaint presents a "federal question," 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). Plaintiff alleges neither. His Complaint alleges a dispute between a resident of Washington, D.C. and the D.C. Government concerning a driver's license, *i.e.* a quintessential state law question. And the District of Columbia is "a stateless entity," that "is not subject to diversity jurisdiction." *Long v. District of Columbia*, 820 F.2d 409, 416 (D.C. Cir. 1987). Consequently, this case will be dismissed by separate order.

Date: November 19, 2024

_____/s/_____
ANA C. REYES
United States District Judge